UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID COOK,

        Plaintiff,                              Hon. Robert J. Jonker

v.                                            Case No. 1:14-CV-399

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.
§ 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim
for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under
Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the
administrative record, and provides that if the Commissioner's decision is supported by substantial
evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States
Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social
security appeals, the undersigned recommends that the Commissioner's decision be **reversed and
this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. §
405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 57 years of age on his alleged disability onset date. (Tr. 204, 208). He successfully completed high school and worked previously as a hotel clerk, dishwasher/prep cook, forklift operator, and general laborer. (Tr. 22, 54). Plaintiff applied for benefits on August 25, 2009, alleging that he had been disabled since July 11, 2008, due to back impairments and high blood pressure. (Tr. 204-10, 234). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 83-203). On May 17, 2011, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (Tr. 50-82). In a written decision dated May 27, 2011, the ALJ determined that Plaintiff was not disabled because he did not suffer from a severe impairment. (Tr. 96-103).

The Appeals Council determined that the ALJ's determination that Plaintiff did not suffer from a severe impairment was not supported by the record. (Tr. 107). Accordingly, the matter was remanded to the ALJ for further consideration. (Tr. 107-09). On May 1, 2012, Plaintiff appeared before ALJ Jones with testimony being offered by Plaintiff and a vocational expert. (Tr. 26-49). In a written decision dated June 8, 2012, the ALJ again concluded that Plaintiff was not disabled. (Tr. 13-22). The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated the present action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]   If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) sciatica; (2) high blood pressure; and (3) cervical degenerative disc disease/spurring, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 16-21).  The ALJ next determined that Plaintiff retained the capacity to perform work at all exertional levels subject to the sole limitation that he can only frequently engage in bilateral overhead reaching.  (Tr. 21).  A vocational expert testified at the second administrative hearing that if limited to the extent reflected by the ALJ's RFC determination, Plaintiff would still be able to perform his past relevant work as a hotel clerk and dishwasher/prep work.  (Tr. 37-38).  Based on the vocational expert's testimony, the ALJ concluded that Plaintiff retained the ability to perform his past relevant work.  (Tr. 22).  Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.         The ALJ's RFC Determination is not Supported by Substantial Evidence**

A claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule."  Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010).  As noted above, the ALJ concluded that Plaintiff retained the ability to perform work at all exertional levels with the lone limitation that he can only

frequently engage in bilateral overhead reaching. Plaintiff argues that the ALJ's RFC fails to sufficiently account for his impairments and limitations. The Court agrees. Simply put, the medical record easily establishes that Plaintiff is more limited than the ALJ suggests.

Examinations have consistently, over a significant period of time, revealed that Plaintiff suffers from sciatica. (Tr. 277-84, 287-92, 294-302, 304-09). Sciatica "most commonly occurs when a herniated disk or a bone spur on the spine compresses part of the nerve." *See* Sciatica, available at http://www.mayoclinic.org/diseases-conditions/sciatica/basics/definition/con-20026478 (last visited on April 1, 2015). Examinations have further revealed that Plaintiff experiences positive straight leg testing, limited range of spinal motion, and spinal muscle spasm. (Tr. 277-84, 287-92, 294-302, 304-09). An MRI of Plaintiff's cervical spine revealed the presence of "prominent" bone spurs causing spinal cord impingement. (Tr. 355-56). In light of this evidence, the ALJ's conclusion that Plaintiff has experienced "no fracture, cord, or nerve root insult" is simply inaccurate. While the spinal "insult" Plaintiff has experienced may be relatively minimal, it certainly results in greater functional limitations than the ALJ suggests.

The ALJ attempts to minimize the aforementioned evidence by observing that several of Plaintiff's emergency room/doctor visits occurred after the performance of heavy or substantial activities (e.g., "doing [a] lot of lifting," "after moving furniture," and "carr[ying] boxes of books"). (Tr. 17). The implication is that if Plaintiff were not engaged in such activities, he would not experience injury, pain, and limitation. This particular analysis, however, is difficult to reconcile with the ALJ's conclusion that Plaintiff can perform work at all levels of exertion. In sum, while the medical record certainly fails to demonstrate that Plaintiff is disabled, it is sufficient for the Court to conclude that the ALJ's RFC determination is not supported by substantial evidence.

The ALJ's conclusion that Plaintiff is not disabled was based on the vocational expert's testimony that if limited to the extent reflected by the ALJ's RFC determination, Plaintiff could perform his past relevant work. As discussed herein, however, the ALJ's RFC is not supported by substantial evidence and because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled, at this juncture, to an award of benefits. There does not exist overwhelming evidence that Plaintiff is disabled. Moreover, while there exists evidence that Plaintiff is more limited than recognized by the ALJ, the record contains evidence supporting the contrary conclusion. Simply put, evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, it is recommended that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date:  April 13, 2015                                    /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge